**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JOSEPH BRIAN CLARK,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Civ. No. DLB-25-4276** |
| **STATE OF MARYLAND**, *et al.*, | * | |
| **Defendants** | * | |

**MEMORANDUM OPINION**

Joseph Brian Clark filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis, which the Court now grants. ECF 1 & 2. Clark, who is currently incarcerated at the Maryland Correctional Institution-Hagerstown, is suing the State of Maryland, the Circuit Court for Washington County, and Judge Joseph S. Michael for what Clark claims is an illegal sentence entered in his state criminal proceedings. ECF 1, at 2. Specifically, Clark asserts that Judge Michael ordered that he not have any relationship with a female partner for one year after his release from prison, which Clark believes violates his reproductive rights. *Id*. As relief, Clark seeks compensatory damages and dismissal of his state criminal case. *Id*. at 3. For the following reasons, the complaint is dismissed without prejudice.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), 1915A(b).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo*

*Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

The United States Code provides a federal cause of action for any individual who believes a state actor has deprived them of a constitutional right. *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999). The statute "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Two elements are essential to state a claim under § 1983: (1) plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Clark's claims concern a criminal prosecution against him in the Circuit Court for Washington County, Maryland, *State v. Clark*, Crim. No. C-21-CR-23-680 (Washington Cnty., Md. 2023). ECF 1-2. During his sentencing, the state court ordered that Clark "refrain from intimate relations with an intimate partner during the first year of [his] release." *Id.* at 1. The court elaborated:

> That means that you've got to get your mental health under control. And I don't
> know if that can be enforced or not, but I'll know because if you, if you have a

custody case or domestic violence case we can, we can figure out that you're in a relationship with somebody. So, you need to get your feet under you and get your medicine regulated.

*Id*.

Clark cannot pursue his § 1983 claim for damages because his sentence has not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a § 1983 plaintiff cannot "recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless they show the conviction or sentence already has been reversed, expunged, or declared invalid). The Supreme Court affirmed this principle in *Muhammad v. Close*, 540 U.S. 749, 751 (2004), holding that where "success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* Clark's claims therefore are dismissed without prejudice.[1] A separate Order follows.

April 21, 2026
Date

Deborah L. Boardman
United States District Judge

---

[1]     To the extent Clark believes he is detained in violation of the constitution or laws of the United States he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

3